CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 6 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:12CR00014-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NIKKI KATHLEEN WILLIAMS | ) | By: Michael F. Urbanski |
|     Defendant. | ) | United States District Judge |

Nikki Kathleen Williams, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Williams alleges that her counsel never told her that she could enter into an "open plea," or plead guilty without a plea agreement. By order entered June 8, 2016, the court concluded that it was unable to resolve the issue on the briefs, and ordered an evidentiary hearing. Following that hearing, and after reviewing the record and briefs from Williams and the government, the court concludes that Williams has not stated any meritorious claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On April 19, 2012, a federal grand jury indicted Williams and co-defendants in a 29-count indictment. Williams was charged with conspiring to distribute and manufacture 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The court appointed counsel for Williams. She proceeded to trial and the jury returned a guilty verdict. A sentencing hearing was held on April 17, 2013. At sentencing, the court determined that Williams' total offense level was 37 (including a three-point enhancement for a leadership position), her criminal history category was I, resulting in an advisory guideline range of 210 to 262 months' incarceration. Williams maintained her innocence at sentencing. During her allocution she stated that she did "not [want

to] go to prison and say if I'm going to spend all this time in prison, I might as well should have did it." Sent. Hr'g Tr. at 64, ECF No. 523. She ended her statement to the court by requesting a sentence at the low end of her guideline range: "But 20-some years taken out of my life for something I know in my heart I know I really didn't do, that's all I'm asking." Id. at 65. The court sentenced Williams to 210 months.

Williams appealed asserting that the district court erred by failing to grant a mistrial and imposing a three-level enhancement for her role in the offense. The Fourth Circuit Court of Appeals affirmed her conviction and sentence. Williams filed the instant § 2255 motion, arguing that her trial counsel provided ineffective assistance because he never told Williams that she could plead guilty without a plea agreement. On August 19, 2016, the court held an evidentiary hearing.

At the hearing, Williams testified that she met with trial counsel only two or three times total. She stated that at her first meeting with counsel, she admitted that she had received money knowing that it was proceeds from drug sales, but that she had never sold drugs. She testified that she would have been interested in pleading guilty to receiving drug money but counsel told her that she would have to testify against her son and co-defendant, Antonio Williams, which she refused to do. She claimed that counsel never told her that she could plead guilty without a plea agreement from the government and that at a meeting in which they discussed the possibly of pleading guilty, a probation officer was present. Williams also testified that counsel did not prepare for trial and never explained to her the elements of the charged offense, his trial strategy, or how the sentencing guidelines would be calculated and her possible sentencing range.

Williams' trial counsel also testified at the evidentiary hearing. He stated that he met with Williams seven or eight times and informed her that she could plead guilty, either with or

2

without a plea agreement. He advised her to cooperate with the government because she was facing the possibility of a serious sentence. Counsel testified that when he met with Williams to discuss the possibility of pleading guilty, nobody else was present. After receiving a proposed plea agreement from the government, he stated that he communicated its terms to Williams but she got upset that he was talking to the government about plea negotiations, expressed no interest in pleading guilty and denied any involvement in the conspiracy. Counsel sent an email to the Assistant United States Attorney that "Nikki will not take a plea;" he stated that he worded the email that way because Williams refused to admit her involvement in the conspiracy and expressed no desire to plead guilty to any plea even after he had done everything he could to explain to her the benefits of pleading guilty. Resp. to § 2255, Ex. D, ECF No. 613-4.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Williams bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding]

3

cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Williams' claim of ineffective assistance of counsel does not satisfy Strickland's stringent requirements.

Williams asserts that her trial counsel provided ineffective assistance because counsel never told her that she could enter into an open plea, without agreeing to the plea agreement proposed by the government which would have required her to cooperate. She claims that she thought she had only two options, (1) agree to the proposed plea agreement, which would require her to testify against her son, or (2) proceed to trial by jury. She further argues that had she known that she had a third option of pleading guilty without a plea agreement, she would have done so instead of going to trial and then would have been eligible for a three-point reduction to her base offense level for acceptance of responsibility. A three-point reduction in her base

4

offense level would have resulted in a lower guidelines range of 151 to 188 months' imprisonment.

Defendants are entitled to effective assistance of counsel throughout plea negotiations. Padilla v. Kentucky, 559 U.S. 356, 364 (2010). Counsel provides effective assistance by presenting a defendant with information sufficient for the defendant to make a "voluntary and intelligent choice among alternative courses of action." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). This information includes the plea options available to the defendant. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) ("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused). If counsel fails to communicate a plea offer, this may constitute ineffective assistance of counsel. Id. at 1410; United States v. Braxton, 784 F.3d 240, 241 n.1 (4th Cir. 2015).

The court does not find credible Williams' testimony at the evidentiary hearing that counsel failed to inform her that she could enter into an open guilty plea. Williams' version of events leading up to trial is not plausible. She claims that counsel met with her only two or three times, total, discussed with her the possibility of pleading guilty while a probation officer was present, and never prepared for trial or reviewed the sentencing guidelines with her. Finally, she claims that counsel never told her about the option of an open plea. This argument of a complete failure to provide Williams with information or to fashion a defense is contradicted by counsel's performance at trial and his testimony at the evidentiary hearing.

The court credits counsel's assertion that he told Williams about the possibility of pleading guilty with or without a plea agreement but Williams insisted that she was not interested in admitting any guilt. The court accepts counsel's explanation for his email to the

5

government that Williams "will not take a plea" as indicating that she was uninterested in entertaining the possibility of pleading guilty and instead maintained her innocence throughout the proceedings. This evidence is consistent with Williams' own statements during sentencing, in which she claimed that she knew in her "heart" that she "really didn't do" the criminal activity for which the jury found her guilty. Sent. Hr'g Tr. at 65, ECF No. 523. The court finds credible counsel's testimony that he explained to Williams the benefit of pleading guilty, either with or without a plea agreement, but she rejected the possibility of doing so because she adamantly maintained her innocence. Accordingly Williams cannot establish that counsel erred. See Jones v. Murray, 947 F.2d 1106, 1111 (4th Cir. 1991) (noting that when counsel presents a possible plea offer to the defendant, but the defendant rejects it and maintains his innocence, counsel does not provide ineffective assistance by failing to "vigorous attempt to change his client's mind").

Because the court credits Williams' counsel's testimony that he informed Williams that she could plead guilty either with or without a plea agreement, she has failed to show either that counsel provided deficient performance or that she was prejudiced by his conduct. Strickland, 466 U.S. at 687.

## III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day. Because Williams has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

ENTER: This 26th day of October, 2016.

/s/ Michael F. Urbanski
United States District Judge